IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SDF FUNDING LLC AND STUART D. FELDMAN, derivatively on behalf of FLASHPOINT TECHNOLOGY, INC., | § § § § § § | No. 205, 2022 |
| Plaintiffs Below, Appellants, | § § § | Court Below–Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 2017-0732 |
| STANLEY B. FRY, EDWARD D. HERRICK, ROSS BOTT, CYRUS W. GREGG, AND MAGDALENA RAMOS, | § § § § § | |
| Defendants Below, Appellees, | § § § | |
| and | § | |
| FLASHPOINT TECHNOLOGY, INC., | § § § | |
| Nominal Defendant Below, Appellee. | § § | |

Submitted: June 24, 2022
Decided: July 8, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After careful consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1)     In October 2017, the plaintiffs below/appellants, SDF Funding LLC ("SDF") and Stuart D. Feldman ("Feldman") (together, the "Plaintiffs"), filed this derivative suit on behalf of the nominal defendant FlashPoint Technology, Inc. ("FlashPoint").  Relevant here, Feldman initially invested in FlashPoint through his wholly owned subsidiary, Chelsey Capital, LLC ("Chelsey"), in 2019 and caused Chelsey to transfer the FlashPoint stock to SDF, another of his wholly owned subsidiaries, in March 2015.

(2)     On February 16, 2021, the defendants moved for partial summary judgment.  Observing that Feldman and SDF's claims are derivative and subject to the contemporaneous-ownership requirement of the DGCL,[1] the defendants argued that they were entitled to summary judgment because Feldman never owned FlashPoint stock and SDF did not acquire FlashPoint stock until 2015.  In its May 13, 2022 memorandum opinion, the Court of Chancery granted the defendants' motion for summary judgment as to the Plaintiffs' claims that challenged actions taken before SDF acquired FlashPoint stock (the "Opinion").[2]  In so doing, the Court of Chancery rejected the Plaintiffs' argument that Feldman has standing to pursue those claims under the equitable-standing doctrine.

---

[1] 8 *Del. C.* § 327 ("In any derivative suit instituted by a stockholder of a corporation, it shall be averred in the complaint that the plaintiff was a stockholder of the corporation at the time of the transaction of which such stockholder complains or that such stockholder's stock thereafter devolved upon such stockholder by operation of law.").
[2] *SDF Funding LLC v. Fry*, 2022 WL 1511594 (Del. Ch. May 13, 2022).

(3) On May 27, 2022, the Plaintiffs asked the Court of Chancery to certify an interlocutory appeal from the Opinion under Supreme Court Rule 42. The Plaintiffs maintained that the Opinion decided a substantial issue of material importance—namely, that the Plaintiffs do not have standing to pursue the "vast majority" of their claims. The Plaintiffs also argued that the following Rule 42(b)(iii) factors weighed in favor of interlocutory review: (i) the Opinion decided a question of law that is a matter of first impression in Delaware;[3] (ii) the Opinion is "in tension" with other trial court decisions;[4] (iii) the question of law relates to the construction and application of Section 327 of the DGCL;[5] and (iv) interlocutory review would serve the considerations of justice.[6] The defendants opposed the application.

(4) On June 16, 2022, the Court of Chancery denied the application for certification.[7] The Court of Chancery agreed with the Plaintiffs that the Opinion had resolved a substantial issue of material importance—a threshold consideration under Rule 42[8]—but nonetheless concluded that the benefits of interlocutory review would not outweigh the costs. *First*, the Court of Chancery found that, although it had

---

[3] Del. Supr. Ct. R. 42(b)(iii)(A).
[4] Del. Supr. Ct. R. 42(b)(iii)(B).
[5] Del. Supr. Ct. R. 42(b)(iii)(C).
[6] Del. Supr. Ct. R. 42(b)(iii)(H).
[7] *SDF Funding LLC v. Fry*, 2022 WL 2165922 (Del. Ch. June 16, 2022).
[8] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

given serious consideration to the Plaintiffs' novel theory of the equitable-standing doctrine, the Opinion did not adopt it or otherwise expand existing law. *Second*, the Court of Chancery disagreed with the Plaintiffs' assertion that the Opinion is in conflict with other trial court decisions and distinguished them. *Third*, the Court of Chancery agreed with the Plaintiffs that the Opinion involves the application of Section 327 and that Factor C favored certification. *Fourth*, the Court of Chancery found the considerations-of-justice factor to be neutral—although the time and money that the Plaintiffs had spent litigating and investigating on behalf of the injured stockholders is relevant, so too is the allocation of defense and judicial resources. On balance, the Court of Chancery concluded that the support of one of the eight Rule 42(b)(iii) factors did not warrant certification of an interlocutory appeal.

(5) We agree with the Chancery Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[9] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court

---

[9] Del. Supr. Ct. R. 42(d)(v).

4

of Chancery's decision do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

---

[10] Del. Supr. Ct. R. 42(b)(ii).
[11] Del. Supr. Ct. R. 42(b)(iii).